UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL HILDEBRAND,

    Petitioner,

v.

TRISHA CAMPBELL,

    Respondent.

Case No. 24-cv-01791 BLF (PR)

**ORDER OF PARTIAL DISMISSAL; REQUESTING MOTION TO DISMISS OR NOTICE THAT MOTION IS UNWARRANTED**

Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. This matter was reopened on May 15, 2024, after the Court learned Petitioner had paid the filing fee. Dkt. Nos. 5, 6.

## BACKGROUND

According to the petition, Petitioner pleaded no contest in Santa Clara County Superior Court to the charge of "lewd/lascivious act on a child by force." Dkt. No. 1 at 2. Petitioner was sentenced to 36 years to life in state prison on December 8, 2006. *Id.*

Petitioner asserts that he exhausted all state remedies before filing this petition, and provides a copy of the California State Supreme Court decision denying his habeas petition on February 21, 2024. Dkt. No. 1 at 15. That decision includes a citation to *In re Robbins*,

18 Cal.4th 770, 780 (1998) (courts will not entertain habeas corpus claims that are untimely). *Id.*

Petitioner filed the instant federal habeas petition on March 21, 2024. He raises six grounds for relief, challenging the validity of his plea agreement: (1) the sentencing court imposed an illegal sentence; (2) he unknowingly agreed to the illegal sentence; (3) because he was not advised to the "full nature of the sentence being imposed," he did not make an "informed and intelligent decision"; (4) the plea was entered under duress; (5) his attorney rendered ineffective assistance; and (6) where there has been a miscarriage of justice, "there is no time bar[] to challenge or correct the error." Dkt. No. 1 at 3-11.

## DISCUSSION

### I. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)). The court may order the respondent to file another pleading where neither service nor summary dismissal is appropriate. *See* Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

### II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitation on petitions for

a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2). The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on December 8, 2006. Dkt. No. 1 at 2. Although Petitioner asserts that he recently exhausted his state judicial remedies for the claims herein, it is questionable whether he is entitled to tolling such that this habeas petition is timely filed after nearly eighteen years have passed since his sentencing. Furthermore, the state high court's decision, citing to *In re Robbins*, indicates that his state habeas petition was denied as untimely. Clearly, there is an issue as to whether this matter is timely filed.

This apparent procedural problem should be addressed before the Court reaches the merits of any cognizable claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the substantive claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, Respondent shall either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the Court that Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

3

# CONCLUSION

In light of the foregoing, the Court orders as follows:

1. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. *See* Dkt. No. 1. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve upon Petitioner, within **thirty-five (35) days** of the date this order is filed, a motion to dismiss the petition as untimely, or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

3. If Petitioner wishes to oppose the motion to dismiss, he shall do so by filing an opposition with the Court and serving it upon Respondent within **twenty-eight (28) days** of his receipt of the motion to dismiss.

4. Respondent shall file and serve a reply within **fourteen (14) days** of receipt of Petitioner's opposition.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If Respondent notifies the Court that a motion to dismiss is unwarranted or the motion is denied, the Court will then determine whether to require an answer to the petition.

6. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved of his or her duty to comply with the deadlines set by the Court merely by having made a

motion for an extension of time. The party making the motion must still meet the deadlines set by the court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than 5 days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: __August 13, 2024_____

BETH LABSON FREEMAN
United States District Judge

Order Requesting MTD
PRO-SE\BLF\HC.24\01791Hildebrand_req.mtd