UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HILDEBRAND,<br><br>Petitioner,<br><br>v.<br><br>TRISHA CAMPBELL,<br><br>Respondent. | Case No. 24-cv-01791 BLF (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state sentence out of Santa Clara County Superior Court from 2006. Dkt. No. 1. The Court found the issues of timeliness was obvious from the face of the petition, and requested Respondent to file a motion to dismiss the petition as untimely or notice that such a motion is unwarranted. Dkt. No. 9. Respondent filed a motion to dismiss the petition as second or successive (and without authorization from the court of appeals), as untimely, and as procedurally barred. Dkt. No. 11. Petitioner filed a "traverse" which will be construed as an opposition. Dkt. No. 14. Respondent filed a reply. Dkt. No. 15.[1]

---

[1] The Court denied Plaintiff's subsequent motion to submit a sur-reply. Dkt. No. 17.

For the reasons set forth below, Respondent's motion is GRANTED.

## I.  BACKGROUND

On September 14, 2006, Petitioner pleaded no contest in Santa Clara County Superior Court to six counts of lewd and lascivious conduct on a child by force.  Dkt. No. 1 at 2, 18 (Cal. Pen. Code § 288(b)(1)).  On December 8, 2006, he was sentenced to 36 years in state prison.  Dkt. No. 1 at 2, 18.

Petitioner appealed the judgment to the California Court of Appeal.  Ex. A[2]; Dkt. No. 11-1 at 2.  He abandoned that appeal, which was dismissed on August 9, 2007.  *Id.*

According to Respondent, Petitioner filed several collateral review or "resentencing" proceedings in the state trial court, court of appeal, and supreme court.  *See, e.g.,* Ex. B at 3; Ex. C; Dkt. No. 1 at 15-17.  He also filed multiple proceedings in this Court.  *See, e.g.,* Ex. B.  Only the relevant proceedings are included here.

On April 29, 2010, Petitioner filed a federal habeas petition under 28 U.S.C. § 2254 in the Northern District of California in *Hildebrand v. Chavez, et al.,* Case No. C 10-1957 PJH (PR), challenging his 2006 conviction.  Ex. B at 2.  The Court dismissed the petition as untimely on November 19, 2012, and denied a certificate of appealability.  *Id.*  The Ninth Circuit denied a certificate of appealability in *Hildebrand v. Chavez, et al.,* Case No. 12-17685.

On March 21, 2023, Petitioner filed a letter in this Court which was construed as an attempt to file a federal habeas action.  *See Hildebrand v. Campbell*, Case No. 23-cv-01303-BLF (PR), Dkt. No. 1.  That petition was ultimately dismissed without prejudice on October 3, 2023, for Petitioner's failure to exhaust state judicial remedies.  *Id.*, Dkt. No. 19.  Petitioner was directed to refile once he had exhausted state judicial remedies.  *Id.*

---

[2] All references to exhibits are to Respondent's exhibits (A through C) in support of their motion to dismiss, unless otherwise indicated.  Dkt. Nos. 11-1, 11-2, 11-3.

1    The court orders in that action did not discuss whether the petition was second or
2    successive under § 2244(b), or the timeliness of the petition.
3           On November 13, 2023, Petitioner filed a state petition in the California Supreme
4    Court raising the same claims in the instant federal habeas petition.  Ex. C; Dkt. No. 11-3
5    at 5-13.  On February 21, 2024, the state high court denied the petition summarily as
6    untimely and successive.  Dkt. No. 1 at 15.
7           On March 21, 2024, Petitioner filed the instant federal habeas petition.  Dk. No. 1.

## II.  DISCUSSION

**A.     Motion to Dismiss**

  **1.     Second or Successive**

A second or successive petition containing previously raised or new claims may not be filed in the district court unless the petitioner first obtains from the United States Court of Appeals an order authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  The district court is "without power" to entertain a second or successive petition unless the petitioner first receives authorization from the court of appeals.  *Chades v. Hill*, 976 F.3d 1055, 1056-57 (9th Cir. 2020).

Respondent argues that the instant habeas petition must be dismissed because it is second or successive, and Petitioner does not allege that he has obtained authorization from the Ninth Circuit Court of Appeal to proceed with a second or successive petition challenging his 2006 conviction.  Dkt. No. 11 at 3.  Respondent asserts that it matters not whether the instant petition raises the same claims as the prior petition, only that the previous petition challenged the same judgment challenged here and was denied "on the merits."  *Id.* at 4.

In opposition, Petitioner asserts that he filed the 2023 federal habeas petition in response to this Court's order directing him to do so, and that it was not his intention at the

3

time for his letter to be construed as a habeas petition. Dkt. No. 14 at 5. He believed that he was being given another chance to challenge his conviction, rather than being dismissed "based on procedural and statutorial bars," and then proceed to exhaust state judicial remedies as directed. *Id*. at 7-8. Petitioner also states that he filed the letter because of the passage of new laws, in an effort to "get the people in power to listen and correct a problem they already knew existed." *Id.* at 4. He asserts that "the fact that Your Honor sua sponte, ordered me to submit a new petition, with a anew deadline/statue of limitations, should overrule and supersede both timeliness and successive issues." *Id.* at 15.

In reply, Respondent points out that this Court's prior orders did not purport to address whether the petition was second or successive under § 2244(b), nor to reset the limitations period or excuse Petitioner from that limitation. Dkt. No. 15 at 2. Respondent also asserts that Petitioner does not otherwise explain why this action is timely now, when it was found to be untimely in 2010. *Id.* Lastly, Respondent points out that Petitioner's opposition lacks any argument concerning statutory or equitable tolling. *Id.*

A federal habeas petition is "second or successive" within the meaning of § 2244 "if the facts underlying the claim occurred by the time of the initial petition, [] and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007), and *Magwood v. Patterson*, 561 U.S. 320, 333 (2010)). Respondent is correct that the passage of new laws does not impact whether a petition is second or successive. Otherwise, the parties do not dispute that the instant petition meets both the requirements of § 2244. Accordingly, the Court finds that the new claims raised in this action challenges the same 2006 conviction challenged in a prior federal habeas action filed in 2010, and is therefore subject to 28 U.S.C. § 2244(b)(3)(A). This Court's orders in Case No. 23-cv-01303 BLF(PR), did not address whether that petition was second or successive

or its timeliness, and therefore cannot be said to have ruled on either of these issues. As Respondent correctly asserts, Petitioner is required to obtain an order from the Ninth Circuit Court of Appeals authorizing this Court to consider a renewed challenge to his state conviction based on new facts, claims or law. Petitioner has not presented such an order from the Ninth Circuit of Appeals. Accordingly, the instant petition must be dismissed in its entirety as second and successive.

### 2. Timeliness

Respondent also asserts that this action is untimely just as it was in 2010, when the first federal habeas action was dismissed as untimely in Case No. C 10-1957 PJH (PR). *See supra* at 2.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. The one-year limitations period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitations period will begin running against him the day after the date on which the time to seek such review expired. *Gonzalez v. Thaler*, 565 U.S. 134, 149-150 (2012); *see Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002), *abrogation on other grounds recognized by Moreno v. Harrison*, 245 F. App'x 606 (9th Cir. 2007) (limitations period began running day after time to seek discretionary review of California Court of Appeal's decision in the California Supreme Court expired, which was forty days after the court of appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a); *see also*

*Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner did not appeal his conviction, process of direct review became final 60 days after conviction); Cal. Rule of Court 8.308(a) (providing that appeal from criminal judgment must be filed within 60 days after rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 31). The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

After a careful review of the papers, the Court finds the instant action is untimely for the same reasons Petitioner's first federal habeas petition was untimely under Case No. C 10-1957 PJH (PR). Petitioner did not challenge the untimeliness of that petition, nor does he do so here. *Id.*, Dkt. No. 19 at 4. Furthermore, in that first federal habeas action, the Ninth Circuit denied his request for a certificate of appealability on appeal. *Id.*, Dkt. No. 23. Accordingly, the finding that the limitations period for challenging Petitioner's 2006 conviction expired on August 21, 2008, remains unchanged. Ex. B at 3; Dkt. No. 11-2 at 4. The state habeas petition he filed to exhaust new claims does not change this calculation because it was filed after the limitations period had already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state habeas petition filed after AEDPA's statue of limitations ended cannot toll limitation period). Petitioner filed this action on March 21, 2024; it is clearly untimely, being filed nearly sixteen years after the limitations period expired on August 21, 2008. Lastly, as explained above, the Court's prior orders in a previous habeas action did not purport to reset the limitations deadline. *See supra* at 4. Accordingly, this petition must be dismissed as untimely.

Because the petition must be dismissed as second or successive under § 2244(b), and as untimely, the Court need not address Respondent's procedural default argument.

### III.  CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition is **GRANTED**. Dkt. No. 11. The instant petition for a writ of habeas corpus is **DISMISSED** as second or successive pursuant to 28 U.S.C. § 2244(b)(3)(A), and as untimely. Petitioner may file another petition in this Court only if he obtains the necessary order from the Ninth Circuit.

No certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This order terminates Docket No. 11.

**IT IS SO ORDERED.**

Dated: _February 20, 2025_____

*[signature]*
BETH LABSON FREEMAN
United States District Judge

Order Granting MTD; Denying COA
PRO-SE\BLF\HC.24\01791Hildebrand_grant-MTD(sec&succ.sol)